IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERONIMO CARBAJAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-954-L** |
| | § | |
| THE RITZ-CARLTON HOTEL COMPANY, LLC and MARRIOTT INTERNATIONAL, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants the Ritz-Carlton Hotel Company, L.L.C. and Marriott International, Inc.'s ("Defendants") Unopposed Request for Status Conference (Doc. 13), filed March 3, 2020, and Defendants' Motion to Extend Unexpired Deadlines, Reschedule Deadline for Court-Ordered Mediation, and Reset Trial Setting ("Motion to Extend") (Doc. 14), filed April 8, 2020. After consideration of the Motions, response, reply, record, and applicable law, the court **denies as moot** Defendants' Unopposed Request for a Status Conference (Doc. 13), and **grants in part and denies in part** Defendants' Motion to Extend (Doc. 14).

In Defendants' Motion to Extend, they request that the court enter an amended scheduling order with the following changes due to the COVID-19 Pandemic and its effects on trial preparation:

| **Category** | **Current Deadline** | **Proposed Extended Deadline** |
|---|---|---|
| Joinder of Parties | Already Passed | No Change |
| Plaintiff's Designation of Experts | Already Passed | No Change |
| Amendment of Pleadings | May 1, 2020 | October 8, 2020 |

**Memorandum Opinion and Order – Page 1**

| | | |
|---|---|---|
| Defendants' or Third Party's Designation of Experts | May 4, 2020 | October 11, 2020 |
| Mediation | July 2, 2020 | October 30, 2020 |
| Completion of Discovery | July 2, 2020 | October 30, 2020 |
| Motion to Compel Discovery or Impose Sanctions | July 9, 2020 | December 9, 2020 |
| Challenges to Experts | July 16, 2020 | December 23, 2020 |
| Dispositive and Nondispositive Motions Briefs and Evidence | July 16, 2020 | December 23, 2020 |
| Pretrial Disclosures and Objections | November 9, 2020 | March 8, 2021 |
| Pretrial Materials | November 9, 2020 | March 8, 2021 |
| Findings of Fact and Conclusions of Law | Not Applicable | |
| Settlement Conference | November 9, 2020 | March 5, 2021 |
| Objections to Pretrial Material and Motions in Limine | November 16, 2020 | March 12, 2021 |
| Pretrial Conference | December 3, 2020 | March 29, 2021 |
| Trial | Four-week docket beginning December 7, 2020 | Four-week docket beginning on or about April 5, 2021 |

On June 17, 2020, the court ordered Plaintiff Geronimo Carbajal ("Plaintiff") to respond to Defendants' Motion to Extend, stating whether he is opposed to the requested relief. On June 22, 2020, he filed his Response (Doc. 18), stating he agreed with the proposed relief with one additional request. While Defendants did not request an extension of time for Plaintiff to file his expert designations, Plaintiff requests that the deadline to do so, which expired on April 3, 2020,

be extended to September 10, 2020. In support of this request, Plaintiff also cites the COVID-19 Pandemic and its effects on communication with his experts, who are his treating medical providers. He also asserts that Defendants will not suffer any surprise or prejudice, as he has already disclosed these individuals in his Rule 26 Disclosures.

In Defendants' Reply (Doc. 19), they assert that the court should deny Plaintiff's request to extend his deadline to designate experts because he failed to: (1) request an extension before the April 3, 2020 deadline expired; (2) confer with counsel before requesting an extension pursuant to the Local Rules; and (3) demonstrate excusable neglect for his failure to timely designate experts as required by Federal Rule of Civil Procedure 6(b)(1)(B). Additionally, Defendants assert that they and the court "have had to deal with unnecessary procedural issues and motion practice caused by Plaintiff's failure to comply with the Federal Rules of Civil Procedure and Local Rules." Defs.' Reply 2. Accordingly, Defendants request that the court deny Plaintiff's request to extend his deadline to designate experts.

Before the court can modify a scheduling order, the movant must first show "good cause" under Rule 16(b)(4) for the inability to meet the scheduling order deadline. *S & W Enters., L.L.C. v. SouthTrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (internal quotation marks and citation omitted). In deciding whether to allow an amendment to the scheduling order, a court considers: "(1) the explanation for the party's [inability] to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if

the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice." *Id*. at 536 (internal quotation marks, brackets, and citations omitted).

With regard to the first and second element, Defendants contend that Plaintiff's failure to respond to discovery, which was at issue in a motion to compel at the time, hindered Defendants' ability to comply with the remaining deadlines.[*] Specifically, they noted that they needed adequate time to review the outstanding discovery before designating their experts and moving forward with trial preparation. Additionally, Defendants highlighted that the COVID-19 Pandemic required them to furlough a significant portion of its corporate personnel and that the restaurant where Plaintiff worked was temporarily closed, making it difficult to communicate with witnesses. Plaintiff's failure to timely respond to discovery has affected Defendant's ability to comply with the court's deadlines. More importantly, however, is that the COVID-19 Pandemic has affected even the court's ability to maintain normal operations, which also has an effect on the parties. For these reasons, the court determines that Defendants have adequately shown their inability to comply with the remaining deadlines and the importance of entering an amended order and, thus, have met their burden on the first two elements.

With regard to the final two elements, the court determines that Plaintiff will suffer prejudice if it accepts Defendants' proposed amendments, but this issue is resolved with an additional amendment. Defendants' proposal does not extend Plaintiff's deadline to designate expert witnesses, which expired prior to the filing of their Motion to Extend. Moreover, Defendants contend that Plaintiff is not entitled to an extension, as they have repeatedly failed to comply with the Federal and Local Rules and did not timely seek an extension before the deadline expired.

---

[*] Defendants' Motion to Compel (Doc. 15) was granted by Magistrate Judge Toliver on June 1, 2020.

**Memorandum Opinion and Order – Page 4**

That Plaintiff has failed to comply with the Federal and Local Rules on numerous occasions over the course of this action greatly concerns the court. Both parties are expected to comply with the Rules and practice with civility with as little court involvement as possible, which has not been the case here. Plaintiff, however, like Defendants, have been impacted by the COVID-19 Pandemic and the stay-at-home orders that followed. Notably, Plaintiff's deadline to designate expert witnesses fell in the middle of the Pandemic. While this does not excuse his failure to seek an extension prior to the April 3, 2020 deadline, the court determines that these unusual circumstances warrant an extension. Failure to grant this extension would prejudice Plaintiff, as he too was affected by the Pandemic. Thus, in the interest of justice, the court will extend Plaintiff's deadline to designate experts as requested.

For the reasons herein stated, the court **grants** Defendants' Motion to Extend (Doc. 14) with respect to all relief that they request. The court, however, **denies** Defendants' Motion to the extent that it opposes Plaintiff's request to extend his deadline to designate experts. Accordingly, the court will extend Plaintiff's deadline to designate experts from **April 3, 2020**, to **September 10, 2020**. As the court has ruled on Defendants' Motion to Extend, Defendants' Unopposed Motion for a Status Conference (Doc. 13) is **denied as moot**. The court will issue an amended scheduling order in accordance with this order. *The court warns the parties, particularly Plaintiff, that a party's failure to timely request an extension prior to the expiration of a court-ordered deadline may result in denial of that request or other sanctions.*

**Although this order is signed on August 19, 2020, the court issues it nunc pro tunc, to be effective as of July 8, 2020.**

Sam A. Lindsay
United States District Judge